DECISION ON MOTION FOR RECONSIDERATION
Appellant Luis Rosenblum filed a motion for reconsideration after this court dismissed his appeal as untimely. Appellee David Leach filed no response. We deny Rosenblum's motion for reconsideration because his appeal was untimely.
Rosenblum attached to his notice of appeal two documents: (1) the trial court's entry of Friday, May 19, 2000; and (2) the postcard notice of that judgment sent by the clerk of courts and postmarked Tuesday, May 23, 2000. The postmark date on the postcard that Rosenblum received from the court is the pertinent date from which to begin our computation of time.
According to App.R. 1, the Rules of Appellate Procedure "govern procedure in appeals to courts of appeals from the trial courts of record in Ohio." App.R. 3(A) requires an appeal of right to be taken by filing a notice of appeal within the time allowed by App.R. 4(A). Under App.R. 4(A), a notice of appeal must be filed within thirty days of whichever is the later-the entry of the judgment appealed from or, in a civil case, "service of the notice of the judgment and its entry if service is not made on the party within the three day period" in Civ.R. 58(B). The three-day period in Civ.R. 58(B) is the time in which the clerk of courts must serve the parties with notice after entering the judgment. Service is completed "[u]pon serving the notice and notation of the service in the appearance docket."[1]
According to the postcard attached to his notice of appeal, the clerk of courts did not serve the judgment on Rosenblum within three days. Though the clerk noted the service on the docket as being made on May 22, in fact, the notice was sent to Rosenblum on May 23. Thus, Rosenblum had thirty days after the day postmarked on the postcard to file his notice of appeal.
The postmark date was May 23. We begin our computation with May 24.[2] Thirty days from May 24 was Thursday, June 22. Thus, Rosenblum's notice of appeal, filed June 26, was out of time, divesting this court of jurisdiction.
Rosenblum contends that Civ.R. 6(E) allowed him an additional three-day extension because he received service by mail. Thus, under Rosenblum's analysis, any time the clerk of courts mails a judgment to the parties, Civ.R. 6(E) would require that the parties have thirty-three days, and not thirty days, to file a notice of appeal. This argument must fail because the application of Civ.R. 6(E) to the filing of a notice of appeal in a civil case would impermissibly expand the jurisdiction of this court.
The thirty-day window provided under App.R. 4(A) is "mandatory and jurisdictional."[3] Civ.R. 1(C) states that to the extent the rules of civil procedure by their nature would be clearly inapplicable, they do not apply to "procedure (1) upon appeal to review any judgment, order or ruling * * *." Further, Civ.R. 82 mandates that the rules of civil procedure "not be construed to extend or limit the jurisdiction of the courts of this state." Thus, because the thirty-day rule set forth in App.R. 4 is jurisdictional, Civ.R. 6(E) cannot extend the appeal period.
Therefore, we deny Rosenblum's motion for reconsideration. He was afforded the additional time from which to compute his thirty-day period provided by App.R. 4(A), and he is not entitled to any additional time under Civ.R. 6(E).
Motion for reconsideration denied.
 Gorman, P.J., and Sundermann, J., concur.
[1] Civ.R. 58(B).
[2] See App.R. 14(A); Lewis v. Chardon (1992), 64 Ohio St.3d 463,597 N.E.2d 87.
[3] See Whiteside, Ohio Appellate Practice (2000 Ed.) 70.